| VASO, L.L.C. | * | NO. 2019-CA-0684 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| BRAVE NEW WORLD INVESTMENTS, L.L.C., THE SHANKLE PARTNERSHIP, 500 FRENCHMEN ST., INC., IV TORRES ENTERPRISES, L.L.C. (FKA FQ IV HOLDINGS, L.L.C.), SAMANTHA NOEL SHANKLE AND KIMBERLY ANN SHANKLE | * * * * * * * * * * * | FOURTH CIRCUIT STATE OF LOUISIANA |

CONSOLIDATED WITH:                                  CONSOLIDATED WITH:

VASO, L.L.C.                                        NO. 2019-CA-0685

VERSUS

BRAVE NEW WORLD
INVESTMENTS, L.L.C., THE
SHANKLE PARTNERSHIP, 500
FRENCHMEN ST., INC., IV
TORRES ENTERPRISES, L.L.C.
(FKA FQ IV HOLDINGS, L.L.C.),
SAMANTHA NOEL SHANKLE
AND KIMBERLY ANN SHANKLE

**BELSOME, J., DISSENTS WITH REASONS**

RLB

I respectfully dissent from the majority's opinion affirming the trial court's granting of Vaso, LLC's partial motion for summary judgment.

At issue before the Court is the sale of Brave New World Investments, LLC's ("BNW") property at 1407-1411 Decatur Street/502 Frenchman Street, and a garage on Chartres Street (the "Property") to 500 Frenchman St., Inc. and Torres Enterprises, LLC (collectively "Torres"). The trial court and the majority's opinion found that Vaso, LLC (Vaso) properly exercised a right of first refusal ("ROFR") that prevented BNW from proceeding to an act of sale with Torres. I disagree.

A ROFR allows for a party to agree not to sell a certain thing without first offering it to a certain person. La. C.C. art. 2625. In this case, BNW granted a ROFR to Vaso pursuant to a commercial real estate lease. The timing of communications between BNW and Vaso determines whether Vaso's ROFR was properly exercised.

Once BNW placed the Property on the market, it received multiple offers over a course of several days. Ultimately, BNW chose to submit a counteroffer to Torres' offer.[1] Torres accepted the counteroffer subject to the ROFR on October 4, 2018. On October 5, 2018, and October 6, 2018, several emails were exchanged between BNW[2] and Vaso regarding the sale of the Property to Torres.[3] The final email during that time included the purchase contract with the purchase price. Then, on October 10, 2018, the purchase contract was amended through an addendum. On that same date, BNW's attorney prepared and sent via certified mail a Notice of Termination of Lease and Notice of Right to Purchase and Option to Vaso, and the same was sent to lessee Mona's Pita on October 11, 2018. Included in the mailings were all of the terms and conditions agreed upon in the purchase contract as of October 10, 2018.

Next, on October 12, 2018, Vaso reached an agreement with Quarter Holdings to assign its ROFR and Option.[4] After securing that assignment agreement, Vaso emailed BNW to acknowledge the previous email from BNW and declaring that it wished to exercise its ROFR on the Property based on the October 4, 2018 purchase contract.[5] Then, on October 16, 2018, BNW was sent

---

[1] The offers received by BNW included three separate offers made by Mike Motwani. Mr. Motwani was outbid by Torres.
[2] The BNW emails were written and sent by Samantha Shankle.
[3] BNW's other tenant in the Property, Karim Taha of Mona's Pita, was also emailed about the pending sale.
[4] Quarter Holdings is an entity owned by Mike Motwani. Vaso's assignment agreement was based on the terms in the October 4, 2018 purchase contract. In the agreement, Vaso represented that it had notified BNW that it was exercising its ROFR, which had not been done at the time the agreement was signed.
[5] That correspondence was also sent by certified mail.

correspondence by Vaso's attorney acknowledging that Vaso was exercising its ROFR based on the October 4, 2018 purchase contract, and rejecting any terms or amendments set forth in the addendum claiming they were not binding on Vaso. The next day, BNW rejected that assertion and stated that Vaso's ROFR was ineffective for failing to match all the terms and conditions of the executed purchase contract of October 10, 2018.

### *Notice*

Vaso argues that the email exchange with BNW satisfied the notice requirement in the lease, and therefore the only terms and conditions it was required to match were those in the October 4, 2018 purchase contract.

Citing to *Anny v.* Babin, 2012-164 (La.App. 5Cir, 7/31/12), 99 So.2d 702, the trial court and the majority's opinion agreed that the notice requirement in the lease was waived due to the email exchange. The notice provision provides:

> **NOTICE:** Any notices, demands or citations provided for herein must be in writing and will be deemed given when deposited by certified mail (regardless of when or if received by the addressee), or when actually delivered in person to the parties or their designated agents at the address so stated in this lease or at such other addresses as they may from time to time direct.

The important distinction in *Anny,* is that both the notice and the acceptance were sent only through email. Here, once the purchase contract was finalized, and before Vaso responded, BNW sent formal notices to the tenants through certified mail. Thereafter, Vaso responded by email but also through certified mail. Under these facts, I do not find that the notice provision of the lease was waived; notice was perfected by the October 10, 2018 correspondence sent through certified mail.

The purpose of a ROFR is to offer the holder the property at the same price another buyer would pay for it. *Keene v. Williams,* 423 So.3d 1065 (La. 1982). The holder of the ROFR is subject to all the same terms and conditions as the other buyer, including, but not limited to price and modalities of payment. *Id.* Therefore,

in order for Vaso to validly exercise its ROFR, it had to match the purchase contract provided in the October 10, 2018 notice including addendums. That was not done.

Additionally, even if, the email of October 6, 2018, qualified as notice, the purchase contract evolved prior to Vaso exercising its ROFR. There is nothing in the lease that prevents an offer to sell under the ROFR from being revoked prior to the holder exercising the right. Further, Louisiana law allows for such a revocation. Comment (d) to La. C.C. art. 2625 specifically states:

> Under this Article, since *an offer to sell made pursuant to a right of first refusal need not be irrevocable, it may be revoked before it is accepted* by the holder of the right of first refusal, in which case the grantor of the right remains bound not to sell to another without first making another offer to the promisee. Litvinoff, "Consent Revisited", 47 La.L.Rev., 699 at 754 (1987).

La. C.C. art. 2625. (emphasis added).

The comment addresses the precise situation presented in this case. Thus, if the email on October 6, 2018, was considered proper notice, that offer was revoked prior to acceptance and another offer was made by BNW on October 10, 2018.

Accordingly, under either analysis, Vaso was bound to match the terms and conditions of the purchase contract as it existed on October 10, 2018. When Vaso refused to match those terms and conditions, BNW acted within the parameters of the lease provisions and Louisiana law when it sold the Property to Torres.

For the reasons discussed, I would reverse the granting of Vaso's partial motion for summary judgment; and grant the partial motions for summary judgment filed by 500 Frenchmen St. Inc., IV Torres Enterprises, LLC, Brave New World Investments, the Shankle Parnership, Samantha Shankle, and Kimberly Shankle.